# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Bret Cobus, et al.,

                Plaintiffs,       Case No. 13-cv-14940
                                   Hon. Judith E. Levy

v.                               Mag. Judge David R. Grand

DuHadway, Kendall & Assocs.,
Inc.,

                Defendant.

_____/

## OPINION AND ORDER PARTIALLY GRANTING PLAINTIFFS' [11] MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND AUTHORIZING NOTICE

This action is brought by five named plaintiffs, Bret Cobus, James Krupa, Tony Logan, John Voydanoff, and Lynn Williams, on behalf of themselves and other similarly situated employees, against their employer, defendant DuHadway, Kendall & Associates, d/b/a DK Security.  The named plaintiffs, joined by 21 current and former employees of defendant who have opted into this action (collectively "plaintiffs"),  allege defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., by failing to pay overtime wages to them

1

and to other similarly situated employees at defendant's Michigan locations.

This matter is before the Court on plaintiffs' Motion for Conditional Certification of an FLSA Collective Action and for an Order for Notice to the Class (Dkt. 11).  For the reasons stated below, the Court grants the motion with respect to one location: the Selfridge Air National Guard facility ("Selfridge") in Harrison, Michigan.  Two of the opt-in plaintiffs did not work at Selfridge, but at a Federal Emergency Management Agency site in western Michigan (the "FEMA site").  As discussed further below, the Court also allows plaintiffs to conduct limited discovery to determine whether other potential plaintiffs exist at the FEMA site.

## I.   Background facts

Plaintiffs are security officers ("SOs") employed by defendant DuHadway, Kendall & Assocs., Inc., d/b/a DK Security.  Defendant is a corporation located in Kentwood, Michigan that employs approximately 922 SOs at 149 sites throughout Michigan.  130 of the SOs, including the plaintiffs, are armed SOs.

Defendant contracted to provide security at Selfridge beginning December 3, 2011. Defendant hired 19 employees from the former security contractor for Selfridge. Defendant typically assigns 25-33 SOs to Selfridge. The SOs report to a site supervisor. Since taking over security at Selfridge, defendants have assigned two different supervisors to that site. Both were former employees of the previous security contractor for Selfridge.

All but two of the plaintiffs work at Selfridge. The Selfridge SOs are paid on an hourly basis and are scheduled to work 8 hours per shift, 5 days per week, for a total of 40 scheduled hours per week. Plaintiffs allege that, until December 2013, they actually worked 8.5 hours per day, 42.5 hours per week, but were not compensated for the 2.5 hours per week of overtime. Plaintiffs claim the 2.5-hour discrepancy between weekly hours scheduled and weekly hours worked resulted from defendant requiring plaintiffs to work through their ½-hour unpaid lunch break each day. In some instances, plaintiffs allege they were required to report early to prepare for the shift or to wait beyond the end of the shift for relief to arrive. Plaintiffs allege they were not paid overtime for that pre- and post-shift time.

Plaintiffs recorded their time on shift logs and, until December 2013, submitted them to their supervisor at the end of each shift. The logs indicate that plaintiffs worked the entire 8.5-hour shift without a break. (*See* Dkt. 11, Ex. 1 to Plaintiffs' Brief in Support of Motion for Conditional Certification). The shift logs were signed by the SO and, in some instances, by the supervisor as well. (*See id.*). The supervisor then prepared time sheets for all Selfridge SOs based on the shift logs. (*See* Dkt. 11, Ex. 2 to Plaintiffs' Brief). The time sheets indicate that each SO was credited with 8 hours of work per shift. (*See* Dkt. 11, Ex. 2 to Plaintiffs' Brief).

Plaintiffs filed their complaint in this action on December 3, 2013, alleging defendant violated section 207 of the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs overtime compensation. On March 12, 2014, plaintiffs moved for conditional certification of this action as a collective action pursuant to section 216(b) of the FLSA. Plaintiffs propose the following class:

> All current and former persons employed as security officers and compensated on an hourly, non-salary basis by Defendant throughout Michigan who worked for at least one week in excess of forty hours but were paid only for forty hours, during the period from three

4

years prior to the filing of this complaint to the present. (Compl. ¶ 39).

## II.    Analysis

### A.    Principles governing collective certification

Section 207 of the FLSA requires employers to pay employees at least 1 ½ times their regular rate of pay for any time worked in excess of 40 hours per week. 29 U.S.C. § 207(a). Section 216 provides that an employer who violates section 207 "shall be liable to the employee or employees affected" for unpaid overtime compensation and an additional equal amount as liquidated damages. *Id.* § 216(b). Section 216 also permits employees to bring a collective action on behalf of themselves and other employees "similarly situated." *Id.* Putative class members must opt into the class by written consent and become party plaintiffs. *Id.*; *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009).

Plaintiffs must meet two requirements to certify a collective action. First, the named plaintiffs must be "similarly situated" to each other and to putative plaintiffs. *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546 (6th Cir. 2006). Second, all plaintiffs must submit written consent to participate in the collective action. *Id.* Accordingly, the

5

court first must determine "whether plaintiffs have shown that the employees to be notified of the collective action are, in fact, similarly situated." *Fisher v. Michigan Bell Tel. Co.*, 665 F. Supp. 2d 819, 824 (E.D. Mich. 2009). If the plaintiffs make this showing, the court may then "authorize notification of similarly situated employees to allow them to opt into the suit." *Id.* at 825. The court may also order the defendant to provide plaintiffs with the contact information of potential opt-in plaintiffs.

Courts in the Sixth Circuit generally "follow[ ] a two-stage certification process . . . to determine whether the opt-in and lead plaintiffs [are] similarly situated." *O'Brien*, 575 F.3d at 583. The first, or "notice," stage, takes place at the beginning of discovery. *Comer*, 454 F.3d at 546. The court "determines whether the suit can be conditionally certified as a collective action so that potential opt-in plaintiffs can be notified of the suit's existence and of their right to participate." *Fisher*, 665 F. Supp. 2d at 825 (citation and internal quotation marks omitted). The second stage follows receipt of opt-in forms and the conclusion of discovery. *Id.* At that point, "trial courts examine more closely the question of whether particular members of the

class are, in fact, similarly situated" and "employ[ ] a stricter standard" for final certification. *Comer*, 454 F.3d at 547 (citation and internal quotation marks omitted).

Plaintiffs' motion here involves the first stage and seeks only conditional certification. Plaintiffs thus have the burden of showing that "the opt-in plaintiffs are similarly situated to the lead plaintiffs." *O'Brien*, 575 F.3d at 584. The FLSA does not define "similarly situated." But plaintiffs must show "only that [their] position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546-47. Plaintiffs can meet this burden by showing that "they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 585. "Showing a unified policy of violations is not required, though." *Id.* at 584. Alternatively, plaintiffs can show their claims are "unified by common theories of defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Id.* at 585.

Plaintiffs' burden at the first stage is less stringent than the burden for class certification under Rule 23. *O'Brien*, 575 F.3d at 584. The standard of proof is "fairly lenient," requiring only that plaintiffs

7

"submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exists." *Fisher*, 665 F. Supp. 2d at 825. Courts also routinely describe plaintiffs' burden as a "modest factual showing." *E.g., Comer,* 454 F.3d at 547. This showing may be based solely on the pleadings and affidavits. *Lee v. Gab Telecom, Inc.*, No. 12-14104, 2013 WL 1632552, at *4 (E.D. Mich. Apr. 16, 2013). The court does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage. *Fisher*, 665 F. Supp. 2d at 825.

The notice stage "typically results in conditional certification of a representative class." *Wheeler v. City of Detroit*, No. 11-11455, 2012 WL 1119300, at *3 (E.D. Mich. Apr. 3, 2012). If, however, a court denies conditional certification, it may still allow discovery to give plaintiffs a second chance to obtain sufficient evidence to warrant conditional certification. *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at *6 (E.D. Mich. Aug. 1, 2011). Moreover, the court may grant a motion for conditional certification, but limit the scope of the conditional class based on the plaintiff's factual showing. *See Swinney v. Amcomm Telecomm., Inc.*, No. 12-12925, 2013 WL 4507919, at *10

(E.D. Mich. Aug. 23, 2013) (conditionally certifying collective action, but limiting to one of defendant employer's locations); *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995632, at *6 (E.D. Mich. Mar. 23, 2012)(stating that "this Court has the discretion to re-shape the class in an appropriate manner" and citing cases).

### B.   Plaintiffs have met the burden for conditional certification with respect to Selfridge

Plaintiffs have made the requisite "modest factual showing" that similarly situated SOs exist at Selfridge.

As discussed above, plaintiffs have alleged in their Complaint that there are similarly situated employees of defendant at Selfridge who 1) work as SOs; 2) work full-time, 3) are required to work 8.5-hour shifts; 4) are permitted or required to work through their ½-hour unpaid breaks; 5) are only paid for 8 hours per shift, and thus are not paid for 2.5 hours of overtime per week.   Named plaintiffs have submitted affidavits supporting these allegations.   Plaintiffs have thus shown that they have the same job duties and the same hours, work at the same location, and are subject to the same time reporting procedures.

Plaintiffs have also submitted shift logs from one named plaintiff, as well as time sheets for a number of SOs at Selfridge, showing 8.5 hours of work (shift log), but only 8 hours of time recorded for payment (time sheets).  (Dkt. 11, Ex. 1, 2 to Plaintiffs' Brief).  The shift logs are signed by the SOs, and sometimes by the supervisor.  Defendants do not dispute that, until Dec. 2013, SOs at Selfridge submitted shift logs to a supervisor, who then filled out the time sheets.  These time sheets are evidence that defendant regularly failed to credit the Selfridge SOs with one half-hour of work time per shift.  Plaintiffs have thus made an adequate factual showing that they were subject to a common policy or plan.

Defendants maintain that plaintiffs have not shown the existence of a common policy violating the FLSA.  Rather, any violations are attributable to the actions of "rogue managers."  (Dkt. 12, Defendant's Response to Plaintiffs' Motion for Conditional Certification 12-14). Defendants cite a number of district court cases, all from outside the Sixth Circuit, in support of this argument.  But the Sixth Circuit has expressly recognized that "showing a unified common policy that violates the FLSA is not required."  *Shipes*, 2012 WL 995632, at *5

10

(citing *O'Brien*, 575 F.3d at 584).   Rather, it is enough if "plaintiffs' claims are unified by common theories of defendants' statutory violations."   *Id.*   As indicated above, plaintiffs have made an adequate showing that they were subject to a common policy that violated the FLSA.   Alternatively, plaintiffs have shown their claims are unified by a common theory of defendant's violations; namely, that defendant routinely permitted or required plaintiffs to work through their unpaid lunch break, yet did not count the lunch break in plaintiffs' time sheets.

### C.   Plaintiffs have not met the burden for conditional certification with respect to defendant's other locations

Each of the five named plaintiffs makes the same two statements in his or her affidavit: "Every other SO with whom I have spoken has told me that he or she was compensated on the same basis as I was," and "Based on information and belief, all SOs working for Defendant are and were compensated similarly to myself." (*E.g.*, Dkt. 11, Ex. 3 to Plaintiffs' Brief, Cobus Affidavit ¶¶ 8-9).   This is the only evidence plaintiffs offer to show that similarly-situated employees exist outside Selfridge and the FEMA site.

11

Defendants challenge the statements as 1) hearsay, and 2) lacking sufficient information (e.g., names and work locations) to warrant notice to defendant's other locations.

Defendant's hearsay challenge is unavailing. Courts in this Circuit have "repeatedly rejected" the contention that plaintiffs' evidence at the conditional certification stage must be admissible under the Federal Rules of Evidence. *Fisher*, 665 F. Supp. 2d at 826 (citing cases).

The sufficiency challenge is another matter. To certify a class covering all of defendant's locations, plaintiffs do not need to allege facts or present other evidence for each of those locations. Nonetheless, plaintiffs must "provide sufficient evidence of a company-wide practice through declarations of present and former employees at other locations" to justify "sending notice to similarly situated employees at all locations at issue in the litigation." *Fisher*, 665 F. Supp. 2d at 828.

Plaintiffs' counsel indicated at oral argument on this motion that the named plaintiffs have spoken only with other SOs who work at Selfridge. The named plaintiffs' affidavits contain no facts supporting their "information and belief" that SOs at all other locations are

similarly situated to plaintiffs. These affidavit statements cannot qualify "sufficient evidence of a company-wide practice." *Compare Gab Telecom*, 2013 WL 1632552, at *3 (finding plaintiffs' statements sufficient where plaintiff alleged personal knowledge that other workers were similarly situated, and "provided a plausible account" of how they acquired that knowledge) *with Shipes*, 2012 WL 995362, at *11 (finding plaintiff's affidavit "bare-bones" and statement that "I know of other individuals who regularly worked overtime hours for Amurcon" insufficient to support conditional certification).

Moreover, plaintiffs' evidence addresses only 2 of the 149 sites covered by the proposed class definition. Again, this is not "sufficient evidence of a company-wide practice" that supports authorizing notice to all 149 sites. *Compare Swinney*, 2013 WL 4507919, at *10 (court limited conditional certification to 1 of defendant's 4 locations, since plaintiff had not "provided an affidavit or any evidence showing that there were similarly situated independent contractors in Defendant's other locations"), *with Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 937 (N.D. Ill. 2008) (finding affidavits from employees at three of four

defendant locations justified sending notice of collective action to all four locations).

**D.    Plaintiffs' proposed notice**

District courts may authorize notice of a collective action to employees whom plaintiffs have shown are similarly situated. *Comer*, 454 F.3d at 546. Counsel for both parties approved the revised proposed notice plaintiffs submitted on June 18, 2014. That notice is addressed to the following proposed class:

> All current and former Security Officers employed by DK Security, Inc. at the Selfridge Air National Guard Base after December 3, 2011, who worked hours for which they were not paid and overtime hours for which they were not paid overtime wages during all or part of their employment.

The Court will approve the notice as to form and authorize notification of all SOs employed by defendant at Selfridge between December 3, 2011 and December 3, 2013. The Court will also require defendant to provide the names and contact information of all such SOs.

**E.    The FEMA site**

In their reply brief, plaintiffs indicate for the first time that two opt-in employees worked at a FEMA site in west Michigan and "were not paid for all hours worked before and after their scheduled shifts."

14

(Dkt. 14, Plaintiffs' Reply Brief 3). Plaintiffs have not alleged further facts nor provided additional evidence about these two employees. For example, plaintiffs have not indicated 1) whether the two employees are security guards, 2) whether they work full-time, or 3) whether the two employees' pre- and post-shift hours were overtime or "straight time."

Without more information, it is not possible to determine whether these two employees, as well as others at the FEMA site, are similarly situated to the named plaintiffs. At the conclusion of the hearing on this motion, the Court therefore authorized plaintiffs to conduct limited discovery, in the form of written interrogatories to defendant, to determine whether similarly situated employees exist at the FEMA site. The Court also set a deadline of August 14, 2014 for plaintiffs to move for extension of the conditional certification to the FEMA site. On August 13, 2014, plaintiffs' counsel informed the Court that plaintiffs will not seek extension of the conditional certification to the FEMA site.

## III.  Conclusion

Accordingly, plaintiffs' motion is GRANTED with respect to the Selfridge facility ONLY;

Plaintiff's motion is DENIED without prejudice with respect to defendant's other locations;

Plaintiff's proposed notice, submitted on June 18, 2014, is APPROVED as to form; and

Plaintiffs may give notice of this collective action to all SOs employed by defendant at Selfridge between December 3, 2011 and December 3, 2013.

IT IS SO ORDERED.

Dated: August 21, 2014                    /s/Judith E. Levy
                                          Judith E. Levy
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2014.

                                          s/A. Chubb for Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager