UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Bret Cobus, et al.,

                          Plaintiffs,        Case No. 13-cv-14940
                                             Hon. Judith E. Levy
v.                                           Mag. Judge David R. Grand

DuHadway, Kendall & Assocs.,
Inc.,

                          Defendant.

_____/


## ORDER


This matter involves a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the parties now jointly seek the Court's approval of the settlement they have reached after extensive negotiation and motion practice.

The FLSA limits an employee's ability to "bargain[], waiver, or modif[y]" his rights to remedies under 29 U.S.C. § 216 except under limited circumstances, one of which being a settlement subjected to judicial scrutiny. *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL

1

4617186, at *1 (E.D. Mich. July 31, 2015);  *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Schulte, Inc. ., v. Gangi,* 328 U.S. 108, 113 n. 8 (1946);  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)); *Snook v. Valley OB–Gyn Clinic, P.C.,* No. 14-CV-12302, 2015 WL 144400 at *1 (E.D. Mich. Jan.12, 2015); *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947, 959-60 (W.D. Mich. 2002).  This scrutiny extends to a separate assessment of "the reasonableness of Plaintiff's attorney's fees and costs award, 'even when the fee is negotiated as part of a settlement rather than judicially determined.'" *Lakosky*, 2015 WL 4617186 at *1 (quoting *Thompson,* 2015 WL 867988 at *2). The Sixth Circuit has held that a reasonable fee is "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Snide v. Disc. Drug Mart, Inc.*, No. 1:11 CV 00244, 2013 WL 6145130, at *5 (N.D. Ohio Nov. 21, 2013) (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)) (internal quotations omitted, alteration in original).

In this case, where the Court has had significant involvement with the case, the details of the settlement agreement set forth in the

parties' submissions (Doc. 24 & Exs.) suffice to evaluate the fairness of the compromise reached. However, with regard to the reasonableness of the attorneys' fees—which may indeed be reasonable—the parties' submissions only refer to the $65,757.14 fee as being "40%" of the total settlement amount and do not otherwise address its reasonableness other than to state that defendants "shall not oppose a fee request up to" that amount.  (Joint Motion to Approve Settlement, Doc. 24, Ex. 1 at 4, 8).

"In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate." *Dean v. F.P. Allega Concrete Const. Corp.*, -- Fed. App'x -- , 2015 WL 4880057, at *1 (6th Cir. Aug. 14, 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See also United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501-02 (6th Cir. 1984).

Therefore, it is hereby ORDERED that plaintiffs submit documentation in the form of competent evidence to demonstrate their

3

counsel's lodestar amount for the litigation of this matter by no later

than **Monday, October 12, 2015.**

IT IS SO ORDERED.

Dated: September 29, 2015                          s/Judith E. Levy
                                                   Judith E. Levy
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2015.

                                  s/Kelly Winslow
                                  For FELICIA M. MOSES
                                  Case Manager